## VELSOR *v.* EATON.

*(Supreme Court, General Term, Second Department.   May 11, 1891.)*

BUILDING CONTRACT—WHEN ACTION LIES—ARBITRATION.

> When a building contract provides that all disputes as to the construction of the work shall be settled by the architect, and all disputes as to the value of extra work and omitted work shall be settled by arbitration, and the owner refuses to allow the contractor to proceed with the work, such provision ceases to be operative, and the contractor may bring an action for the value of work done and materials furnished.

Appeal from judgment on report of referee.

Action by Winfield S. Velsor against James W. Eaton.   There was a judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Fishel & Reid,* for appellant.   *Wilmot M. Smith,* for respondent.

BARNARD, P. J.   The plaintiff made an agreement with the defendant on the 1st of March 1887, to erect and furnish for him in a good workman-like manner a building at Babylon, for the sum of $6,789.   The work was to be done under the supervision of an architect, who was to give a certificate of strict performance to entitle the builder to the several payments.   The building was to be completed by the 1st of January, 1888.   In the early part of March, 1887, the defendant took possession of the house in an unfinished state.   One thousand five hundred dollars had been paid upon the work, and it was proven that it would take $726.11 to finish the building, and that there was omitted, by the defendant's request, work valued at $930.07.   The balance due on the contract was $3,663.11, if the defendant was not justified in stopping the work.   There was no certificate of the architect given, but this would not justify the defendant in preventing a performance of the contract.   The case is quite voluminous, and is addressed to many minor issues.   The chief issue tried was whether the delay in the building was caused by the omission of the architect to furnish details of the work with sufficient promptness to enable the plaintiff to finish the contract within the time.   The referee finds that the plaintiff had men and materials sufficient to complete the work, and that the delay was occasioned by an omission of the architect.   A careful reading of the testimony leads us to sustain the findings on these questions.   It follows that the contract was broken by the defendant, and the consequences which follow are to be attributed to his violent action.   The contract was at an end, and the clause in the contract that all dispute as to the construction of the work should be settled by the architect, and all dispute as to value of extra work and omitted work should be settled by arbitration, ended with it.   The plaintiff, if free from fault, could bring his action to recover for work done and materials furnished, to be proven in the ordinary way before a court having jurisdiction to try such an action.   The judgment should therefore be affirmed, with costs.   All concur.